UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILDEARTH GUARDIANS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KEN SALAZAR, in his official )<br>capacity as Secretary of the Interior )<br>)<br>Defendant. )<br>) | Civil No. 10-102-PHX-GMS |

STIPULATED SETTLEMENT AGREEMENT

Plaintiff, WildEarth Guardians, and Federal Defendant, Ken Salazar, in his official capacity as the Secretary of the Interior, by and through their undersigned counsel, state as follows:

WHEREAS, Plaintiff petitioned the Federal Defendant to list the Mexican wolf as a threatened or an endangered species ("Petition") pursuant to the Endangered Species Act ("ESA");

WHEREAS, Plaintiff sent the Federal Defendant a 60-day notice of intent to sue alleging that the Federal Defendant had not issued an initial finding in response to the Petition in a manner consistent with the ESA ("90-Day Finding");

WHEREAS, on January 19, 2010, Plaintiff filed a complaint for declaratory and injunctive relief in the U.S. District Court for the District of Arizona, alleging that the Federal Defendant failed to issue the 90-Day Finding.

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set

forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before July 31, 2010, the Federal Defendant shall submit to the Federal Register for publication an initial finding in response to the Petition pursuant to 16 U.S.C. § 1533(b)(3)(A).

2. The Order entering this Stipulated Settlement Agreement ("Agreement"), including the deadline specified in Paragraph 1, may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim after meeting and conferring, either party may pursue relief from the Court.

3. In the event that the Federal Defendant fails to meet the deadline specified in Paragraph 1 and the Federal Defendant has not sought to modify that deadline, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be

enforceable through a proceeding for contempt of court.

4. Defendant agrees that Plaintiff is the "prevailing party" in this action, and agree to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g). Defendant therefore agrees to settle all of Plaintiff's claims for costs and attorneys' fees in this matter for a total of $3,023.14. A check or electronic funds transfer will be made payable in that amount to Kenneth W. McCain. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this Agreement.

5. Plaintiff agrees to accept payment of $3,023.14 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through and including the date of this Agreement. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

6. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1 or for any other continuation of this action. By this Agreement, Defendant does not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in this or any other attorneys' fees litigation.

7. No provision of this Agreement shall be interpreted as, or constitute, a commitment or

requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendant by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

8. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendant is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 USC § 1341, or any other appropriations law.

9. Nothing in this Agreement may be cited by either party in connection with any other administrative or judicial proceeding in order to demonstrate acquiescence to the time deadlines provided in this Agreement or for any other reason.

10. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

11. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

12. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

13. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with

the terms of this Agreement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).  In particular, in the event of unforeseen circumstances, Plaintiff retains the right to seek emergency relief from the Court, pending the completion of the rulemaking.

Respectfully submitted this 7th day of May, 2010.

        IGNAICA S. MORENO
        Assistant Attorney General
        JEAN E. WILLIAMS, Chief

         /s/ *Erik Petersen*
        ERIK E. PETERSEN, Trial Attorney
        D.C. Bar No. 489073
        U.S. Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        D.C. Bar No. 489073
        Telephone: (202) 305-0339
        Facsimile: (202) 305-0275

        Attorneys for Federal Defendants

         /s/ *Ken McCain (with permission)*
        KENNETH W. MCCAIN

        Attorney for Plaintiff

IT IS SO ORDERED

_____

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2010, I filed a true and correct copy of the Parties' Stipulated Settlement Agreement with the Court's CM/ECF system which will generate a Notice of filing and Service on all parties.

   /s/ *Erik Petersen*
  ERIK E. PETERSEN